IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware
limited liability company,

        Plaintiff,

v.

IDEANOMICS, INC., a Nevada
Corporation,

        Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd.
Troy, MI 48098
(248) 879-2000
*Attorneys for Plaintiff*

---

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGEMENT**

Plaintiff Osirius Group, LLC ("Osirius"), by and through its attorneys, Miller, Canfield, Paddock and Stone, PLC, hereby moves for default judgment against Defendant Ideanomics, Inc. ("Ideanomics"), pursuant to Fed. R. Civ. P. 55 and states as follows:

1. In June 2022, non-party Via Motors Inc. ("Via Motors") solicited automotive product and process engineering services from Osirius. Osirius performed such work for six months and documented the services rendered each month by sending an invoice to Via Motors with payment due in 30 days. (ECF No. 1-3, PageID.31-36). The services totaled $4,507,107.63. *Id.*

2. Despite receiving the invoices without objection, Via Motors never made full payment to Osirius and began to accrue late fees. (ECF No. 1-4, PageID.39 at ¶ 6-9).

3. In December 2022, Ideanomics formally agreed and promised to pay Via Motors' remaining debt of $4,115.659.36. (ECF No. 1-5, PageID.43-47).

4. Ideanomics has failed to fully satisfy the Via Motors' debt, which continues to grow each month with the accrual of additional late fees. (ECF No. 1-4, PageID.39 at ¶ 12-13).

5. Osirius has made multiple demands for payment on Ideanomics and issued an invoice for the outstanding Via Motors' debt, all of which have been received without objection from Ideanomics. (ECF No. 1-6, PageID.49).

6. On April 22, 2023 Osirius filed a two-count Complaint alleging breach of contract and account stated. Ideanomics was served with the Complaint on May 2, 2023. (ECF No. 8, PageID.91-92).

7. The Court Clerk entered a default against Ideanomics for failure to plead or otherwise defend on May 24, 2023, (ECF No. 11, PageID.97), following Osirius' Request for Entry of Default. (ECF No. 10, PageID.96).

8. To date, Ideanomics has not responded in any way, despite clearly being on notice of the initiation and progression of this lawsuit. **Exhibit A**, Correspondence with Ideanomics General Counsel.

9. Ideanomics is neither an infant, an incompetent person, or in the military service.

10. As set forth in the attached affidavit, there is now a due principal sum of $1,846,000.00, plus late fees to date in the amount of $557.948.77. **Exhibit B**, Invoice. In addition, Osirius had to pay attorneys fees and costs through May 19, 2023, in the amount of $49,133.82, for a total sum certain to date of $2,453,082.59. **Exhibit C**, Affidavit of CEO and Managing Member Timothy D. Smith. Attorneys fees continue to accrue, as well as late fees at a rate of 2% of the outstanding invoices per each month of delay. (ECF No. 1-3, PageID.31-36).

Wherefore, Plaintiff Osirius Group LLC requests this Honorable Court to enter default judgment against Defendant Ideanomics, Inc. in the sum of $1,846,000.00 in principal, plus late fees through present date in the amount of $557.948.77, plus costs and attorneys fees through May 19, 2023 in the amount of $49,133.82, for a total sum certain to date of $2,453,082.59.

        Respectfully submitted,

        By:   /s/ Gerald J. Gleeson, II
        Gerald J. Gleeson II (P53568)
        Sydney G. Rohlicek (P85655)
        Miller, Canfield, Paddock, and Stone, PLC
        840 W. Long Lake Rd.
        Troy, MI 48098
        (248)879-2000
        gleeson@millercanfield.com
        rohlicek@millercanfield.com
        *Attorneys for Plaintiff*

Dated: May 26, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware
limited liability company,

        Plaintiff,

v.

IDEANOMICS, INC., a Nevada
Corporation,

        Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd.
Troy, MI 48098
(248) 879-2000
*Attorneys for Plaintiff*

---

**BRIEF IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR DEFAULT JUDGEMENT</u>**

Plaintiff Osirius Group, LLC ("Osirius") adopts and fully incorporates herein the factual allegations as plead in the attached Motion for Default Judgment. For the reasons set forth below, Plaintiff is entitled to entry of default judgment against Defendant Ideanomics, Inc. ("Ideanomics").

1

# ARGUMENT

To obtain a judgment of default against a defendant that has failed to appear or otherwise defend, the plaintiff must first request that the clerk enter a default against the defendant. The clerk shall enter the default where the defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). An entry of default leaves two issues – liability and damages.

With regard to liability, the court considers the defendant to have admitted all of the well pleaded allegations in the complaint, including jurisdiction. *Am. Auto. Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 756 (E.D. Mich. 2014). Yet, "[a] default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983). With regard to damages, if the plaintiff's claim is for a sum certain, as evidenced by an affidavit showing the amount due, the clerk "must enter judgment for that amount and costs." Fed. R. Civ. P. 55(b)(1). The Court also has power to enter a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). The determination of whether to enter the judgment is given to the court's "sound judicial discretion." *Dickerson*, 995 F. Supp. 2d at 756 (citing Wright & Miller, 10A Federal Practice and Procedure, § 2685 (3d ed. 1998)).

In making that determination, the court may but is not required to conduct an evidentiary hearing or oral argument. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). An evidentiary hearing "is unnecessary if sufficient evidence is submitted to support the request for damages, or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence of affidavits." *Rohn v. Comm'l Recovery Sys., Inc.*, 2013 WL 6195578 (Nov. 26, 2013 E.D. Mich.) (citations omitted).

Here, Ideanomics has failed to file an answer or other defense. Accordingly, pursuant to Fed. R. Civ. P. 55(a) and at Osirius' request, the Clerk made an Entry of Default with respect to Ideanomics on May 24, 2023. (ECF No. 10, PageID.96); (ECF No. 11, PageID.97). Ideanomics is therefore deemed to have admitted all of the factual allegations in the Complaint. Furthermore, the sum owed to Osirius is well documented and attested to by Osirius' Chief Executive Officer. *See* **Exhibit B**; **Exhibit C**. There is an outstanding balance for services rendered by Osirius totaling $1,846,000.00. This principal sum has grown each month by way of late fees accruing at a rate of 2% of the total invoice for each month of delay which, as of today, amounts to $557,948.77. Furthermore, Osirius has incurred $49,133.82 in attorneys fees and costs through May 19, 2023 for a total sum certain to date of $2,453,082.59. Osirius is also entitled to post-judgment interest, calculated at the applicable statutory rate, pursuant to 28 U.S.C. 1961(a) ("Interest *shall* be allowed

3

on any money judgment in a civil case recovered in a district court") (emphasis added).

## CONCLUSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2) Osirius requests that default judgment be entered by this Court against Ideanomics in the amount of **$1,846,000.00** in principal, plus **$557,948.77** for late fees accrued as of date, with interest continuing to accrue at the applicable statutory rate, plus reasonable attorney's fees in the amount of **$49,133.82**, through May 19, 2023.

Respectfully submitted,

By:   /s/ *Gerald J. Gleeson, II*
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
Miller, Canfield, Paddock, and Stone, PLC
840 W. Long Lake Rd.
Troy, MI 48098
(248) 879-2000
gleeson@millercanfield.com
rohlicek@millercanfield.com
*Attorneys for Plaintiff*

Dated: May 26, 2023