IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware
limited liability company,

        Plaintiff,

v.

        Case No. 23-cv-10943
        Hon. Denise Page Hood

IDEANOMICS, INC., a Nevada
Corporation,

        Defendant.

---

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd., Suite 150
Troy, Michigan 48098
(248) 879-2000
*Attorneys for Plaintiff*

Kurt A. O'Keefe (P30718)
1254 Woodbridge Street
Saint Clair Shores, MI  48080
(313) 962-4630
koklaw@gmail.com
*Attorney for Defendant*

---

## **DEFENDANT'S RESPONSE TO SECONDA MOTION FOR ORDER TO SHOW CAUSE**

    Defendant, through its attorney, Kurt O'Keefe, files the following response to Plaintiff's motion:

    For the reasons stated in the accompanying brief, Defendant should not be ordered to show cause why it should not be held in civil contempt.

WHEREFORE, Defendant prays that the Motion be denied.

February 2, 2024

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware
limited liability company,

      Plaintiff,

v.

IDEANOMICS, INC., a Nevada
Corporation,

      Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd., Suite 150
Troy, Michigan 48098
(248) 879-2000
*Attorneys for Plaintiff*

Kurt A. O'Keefe (P30718)
1254 Woodbridge Street
Saint Clair Shores, MI  48080
(313) 962-4630
koklaw@gmail.com
*Attorney for Defendant*

---

## DEFENDANT'S BRIEF IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S SECOND MOTION FOR ORDER TO SHOW CAUSE

## FACTS

Defendant owns 65% of Tree Technologies in Malaysia. The majority of the value in this business is a 95 year leasehold on a 246 acre parcel of industrial land in Gebeng, Pahang Malaysia.

On April 26, 2023, Defendant received confirmation that the listing for sale of its interest had gone live.  On July 20, 2023, Ideanomics received a verbal offer from one of the associates with Tiza Global Sdn Bhd and began negotiations. They were interested in buying out Ideanomics' 65% stake instead of purchasing the land directly.

On September 1, 2023, Ideanomics received the first draft Letter of Intent (LOI). On October 2, 2023, the LOI was signed. It is worth noting that, up until this time, Ideanomics had received no other offers to purchase the land.

From October through December 2023, Ideanomics was focused on the legal documentation and administrative activities to effect this sale according to the LOI.

By mid-December, terms of the Share Sales Agreement were largely agreed and it was finalized on January 2, 2024.

The Malaysia business was facing mounting liabilities, including payroll and retrenchment payments to employees, and legal action threatened against the company. In Malaysia, there are severe penalties that can be enforced on Directors for failure to pay employee related liabilities. The business had no way of generating the cash to satisfy these obligations without a sale. As a condition to the purchase of our shares by Tiza, certain proceeds are directed to the company to clean up all the liabilities. (See affidavit of Drew Colvin, attached)

Plaintiff refers to ECF#60, the Order Allowing Ideanomics to sell U. S. Hybrid.  As quoted in Plaintiff's Brief, page 2, last paragraph:  " . . . may sell its subsidiary, U. S. Hybrid,".

Ergo, that Order did not require Ideanomics to do anything. Plaintiff conveniently leaves out that the Order's concluding language is "transfer $2,000,000.00 of the sale proceeds to Plaintiff Osirius, LLC, via wire transfer by no later than 5:00pm on October 30, 2023.

So the Order has expired by its own terms.

Plaintiff misrepresents ECF# 72, attached again hereto, the Affidavit of Mr. Wu of Continued Compliance.

-2-

Plaintiff states in its brief, page 4, first complete sentence, "Ideanomics retained the funds for itself."

The Affidavit clearly states $650,000 was wired by the purchaser to U. S. Hybrid. (ECF #72, paragraph 8) This was to clear liabilities to its employees and others that had to be satisfied for the sale to close. (See attached Affidavit of Ben Wu)

After deduction of that amount, the balance of the purchase price was wired by the purchaser directly to Yorkville.

Ideanomics neither received nor retained funds for itself.

As with the Tree sale, the agreement by Ideanomics to sell U. S. Hybrid preceded the Court order restraining transfer of assets, ECF #38. (See attached Affidavit of Ben Wu)

Plaintiff has conceded that Yorkville, in fact, has a first secured position in Ideanomics' assets:
"While Osirius does not contest that Yorkville has a senior, security interest in the subsidiary (U.S. Hybrid) . . ."
(ECF #64, Plaintiff's response to Yorkville's intervention motion, page 18, lines 12 – 13)

Magistrate Ivy's ruling on that Motion, ECF #76, repeats the validity of Yorkville's lien multiple times.
"Yorkville's purpose for the intervention is to protect and enforce its status as first secured creditor in Defendant's assets."
(page 7, L, lines 9-10)
And:
"Plaintiff acknowledges that Yorkville has a perfected senior security interest" (page 8, last line)
And:
"there is no evidence that Yorkville has refused to exercise its rights as first secured creditor."
(page 10, lines 3-4)

# ARGUMENT

Plaintiff continuously claims Defendant and Yorkville have violated this Court's Orders.

Nothing could be further from the truth.

ECF #38, the Order allegedly violated, states in relevant part, page 3:

> " 2A. Defendant Ideanomics, Inc., its officers, agents, servants, employees, attorneys, and those persons in active concern or participation with them who receive notice of this Order, shall not dispose of, conceal, secret, sell, assign, convey, mortgage, or otherwise transfer any Property as hereafter defined (including transfers to itself or to any other person as trustee, guardian or nominee) or any interest therein (legal or equitable) ***not exempt by law*** from application to the satisfaction of the Judgment entered against it, whether now owned or hereafter acquired, until further direction of the Court." (Emphasis added)

By law, it is conceded that Yorkville has a first secured position in Ideanomics' assets, a legal interest.

By law, Ideanomics was bound to complete the legal sales contracts at issue, the sales of U. S. Hybrid and Tree, which were entered into prior to ECF #38, the Order restraining Ideanomics from disposing of assets.

To contend that the highlighted language does not mean that Yorkville is free to exercise its rights as a first secured creditor is to deprive that language of any meaning.

E. g., if Yorkville has a first mortgage on real estate, and the property is sold, not by foreclosure, that mortgage is paid out of the proceeds.  It is exempt by law from an unsecured judgement creditor, and, from a judgement lien filed after its mortgage was recorded.

For this Court to hold that Yorkville taking the proceeds pursuant to its legally valid lien, to hold that the two sales are in contempt, is tantamount to saying that Plaintiff, an unsecured creditor, can cut off a first mortgage on real estate.

The same holds for Ideanomics closing on 2 legal sales

-4-

contracts entered into before any restraining order.

To have failed to close would have given both purchasers grounds to sue Ideanomics for specific performance. And also allow both Yorkville, and the purchaser, to claim refund of the $500,000 earnest money deposit paid on the U. S. hybrid sale to Osirius.

Plaintiff argued in its response to the Intervention Motion, ECF #64, page 10, top 3 lines)
that Yorkville's valid lien should be subrogated to its unsecured claim.

It is inexplicable that Plaintiff opposed Yorkville's motion to intervene, given that was the only possible way for it to get any money ahead of Yorkville.


February 5, 2024

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system.

February 5, 2024

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

ECF #72

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC a Delaware
Limited Liability Company

        Plaintiff,

v.

IDEANOMICS, INC.,

        Defendant.

Case No. 23-cv-10943
Honorable Denise Page Hood

| Gerald J. Gleason II (P53568) | Kurt O'Keefe (P30718) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| Miller, Canfield, Paddock | 1254 Woodbridge Street |
| and Stone PLC | St. Clair Shores MI 48080 |
| 840 West Long Lake Road | Telephone: (313) 962-4630 |
| Troy MI 48098 | koklaw@gmail.com |
| (248) 879-2000 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |

## **AFFIDAVIT OF BENJAMIN WU OF CONTINUED COMPLIANCE WITH RESTRAINING ORDER**

Benjamin Wu, states that he is competent to testify as a witness, and, if called, would testify as follows:

1. I am the in-house counsel for Defendant Ideanomics Inc.

2. On October 27, 2023, Ideanomics transferred $800,000 to Plaintiff Osirius. (See ECF #59)

3. In the October 2023 time frame, Ideanomics was intent to completing and close the sale of its subsidiary, U. S. Hybrid, by November 27, 2023 in order to raise funds to pay the judgment

1

10. After further negotiations and contingent upon Yorkville's release of its secured position on U.S. Hybrid, transfer of the remaining Consideration was wired by Purchaser to Yorkville on January 11, 2024, with Yorkville executing its secured position by taking all the remaining sale proceeds.

11. On January 16, 2024, Yorkville confirms receipt of $3,799,980.

The above is true to the best of my knowledge, information, and belief.

_____
Benjamin Wu

Subscribed to and sworn before me this 16th day of January 2024

_____
Notary Public

LATIA HALL
Notary Public, State of Michigan
County of Wayne
My Commission Expires Dec. 18, 2028
Acting in the County of Wayne

1/16/2024

Drafted by:

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

3

in this case. A stipulated Order was signed providing for proceeds from that sale being used to satisfy the judgement. (See ECF#60)

4. On November 7, 2023, Purchaser wired $500,000 earnest deposit on the sale of U.S. Hybrid. The entirety of this earnest deposit was wire transferred to Osirius within an hour on the same day.

5. Due to concerns from the purchaser regarding the receipt of asset U.S. Hybrid free and clear of all liens and encumbrances, the sale was repeatedly postponed.

6. On November 28, 2023, YA II PN, Ltd., hereinafter, Yorkville, filed a motion to intervene in this case (ECF#62) based on its secured position on all of Ideanomics' assets.

7. Plaintiff Osirius's response (ECF#64) concedes that secured position but wants this Court to disregard it.

8. On or about December 4, 2023, due to delayed sale process and need to maintain the value of the asset U.S. Hybrid, Purchaser wired $650,000 directly to U.S. Hybrid. This $650,000 was deducted from the Purchase Price of $5,000,000.

9. By end of December 2023, Purchaser was still not comfortable with the sale given the Court's orders and Yorkville's secured position in all of Ideanomics' assets. Consequently, Ideanomics was still not in the position to close the contract for the sale of U.S. Hybrid.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC a Delaware
Limited Liability Company

    Plaintiff,

v.

IDEANOMICS, INC.,

    Defendant.

Case No. 23-cv-10943
Honorable Denise Page Hood

| Gerald J. Gleason II (P53568) | Kurt O'Keefe (P30718) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| Miller, Canfield, Paddock | 1254 Woodbridge Street |
| and Stone PLC | St. Clair Shores MI 48080 |
| 840 West Long Lake Road | Telephone: (313) 962-4630 |
| Troy MI 48098 | koklaw@gmail.com |
| (248) 879-2000 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |

## AFFIDAVIT OF BENJAMIN WU OF CONTINUED COMPLIANCE WITH RESTRAINING ORDER

Benjamin Wu, states that he is competent to testify as a witness, and, if called, would testify as follows:

1. I am the in-house counsel for Defendant Ideanomics Inc.

2. On October 27, 2023, Ideanomics transferred $800,000 to Plaintiff Osirius. (See ECF #59)

3. In the October 2023 time frame, Ideanomics was intent to completing and close the sale of its subsidiary, U. S. Hybrid, by November 27, 2023 in order to raise funds to pay the judgment

1

in this case. A stipulated Order was signed providing for proceeds from that sale being used to satisfy the judgement. (See ECF#60)

4. On November 7, 2023, Purchaser wired $500,000 earnest deposit on the sale of U.S. Hybrid. The entirety of this earnest deposit was wire transferred to Osirius within an hour on the same day.

5. Due to concerns from the purchaser regarding the receipt of asset U.S. Hybrid free and clear of all liens and encumbrances, the sale was repeatedly postponed.

6. On November 28, 2023, YA II PN, Ltd., hereinafter, Yorkville, filed a motion to intervene in this case (ECF#62) based on its secured position on all of Ideanomics' assets.

7. Plaintiff Osirius's response (ECF#64) concedes that secured position but wants this Court to disregard it.

8. On or about December 4, 2023, due to delayed sale process and need to maintain the value of the asset U.S. Hybrid, Purchaser wired $650,000 directly to U.S. Hybrid. This $650,000 was deducted from the Purchase Price of $5,000,000.

9. By end of December 2023, Purchaser was still not comfortable with the sale given the Court's orders and Yorkville's secured position in all of Ideanomics' assets. Consequently, Ideanomics was still not in the position to close the contract for the sale of U.S. Hybrid.

2

10. After further negotiations and contingent upon Yorkville's release of its secured position on U.S. Hybrid, transfer of the remaining Consideration was wired by Purchaser to Yorkville on January 11, 2024, with Yorkville executing its secured position by taking all the remaining sale proceeds.

11. On January 16, 2024, Yorkville confirms receipt of $3,799,980.

The above is true to the best of my knowledge, information, and belief.

_____
Benjamin Wu

Subscribed to and sworn before me this 16th day of January 2024

_____
Notary Public

LATIA HALL
Notary Public, State of Michigan
County of Wayne
My Commission Expires Dec. 18, 2028
Acting in the County of Wayne

1/16/2024

Drafted by:

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC a Delaware
Limited Liability Company

        Plaintiff,

v.

IDEANOMICS, INC.,

        Defendant.

Case No. 23-cv-10943
Honorable Denise Page Hood

| Gerald J. Gleason II (P53568) | Kurt O'Keefe (P30718) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| Miller, Canfield, Paddock | 1254 Woodbridge Street |
| and Stone PLC | St. Clair Shores MI 48080 |
| 840 West Long Lake Road | Telephone: (313) 962-4630 |
| Troy MI 48098 | koklaw@gmail.com |
| (248) 879-2000 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |

## AFFIDAVIT OF ANDREW COLVIN IN SUPPORT OF RESPONSE TO PLAINTIFF'S SECOND CONTEMPT MOTION

Andrew Colvin, states that he is competent to testify as a witness, and, if called, would testify as follows:

1. I am the Senior Vice President of Corporate Development for Defendant Ideanomics Inc.
2. Ideanomics owns 65.5% of Tree Technologies in Malaysia. The majority of the value in this business is a >90 year leasehold on a 246 acre parcel of industrial land in Gebeng, Pahang Malaysia.
3. On April 26, 2023, Ideanomics received confirmation that the listing for sale of its interest had gone live. On July 20, 2023, we received a verbal offer from one of these associates with Tiza

Global Sdn Bhd and began negotiations. They were interested in buying out our 65.5% stake instead of purchasing the land directly.
4. On September 1, 2023, we received first draft Letter Of Intent (LOI). On October 2, 2023, this LOI was signed. It is worth noting that up until this time we had received no other offers to purchase the land.
5. From October through December, 2023, we were focused on the legal documentation and administrative activities to effect this sale according to the LOI.
6. By mid-December, terms of the Share Sales Agreement were largely agreed and it was finalized on January 2, 2024.
7. During this time Tree Technologies was facing mounting liabilities, including payroll and retrenchment payments to employees, and legal action was threatened against the company. In Malaysia, there are severe penalties that can be enforced on Directors for failure to pay employee related liabilities. The business had no way of generating the cash to satisfy these obligations without a sale. As a condition to the purchase of our shares by Tiza Global, certain deal proceeds are directed to Tree Technologies to settle the liabilities.
8. Ideanomics, Inc. has not received any funds as part of this transaction. As of today, Tree Technologies has received Malyasian Ringgit (MYR) 2,392,000 to resolve outstanding liabilities. YA II PN Ltd has received MYR 920,000 (US$193,673). When completed, Tree Technologies will receive another MYR 1,242,000 and YA II PN Ltd will receive MYR 13,478,000 (around $2.85M).

_____  2/4/24
Andrew Colvin

The above is true to the best of my knowledge, information, and belief.

Subscribed to and sworn before me this 4th day of February, 2024

_____ 2/4/24
Notary Public

JEAN A NOEL
Notary Public - State of New York
NO. 01NO6415510
Qualified in Onondaga County
My Commission Expires Mar 22, 2025