UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC,

    Plaintiff,

-vs-                                    Case No. 2:23cv10943
                                        Honorable Denise Page Hood
                                        Magistrate Judge Curtis Ivy, Jr.

IDEANOMICS, INC.,

    Defendant.

**PROPOSED INTERVENOR YA II PN, LTD.'S REPLY BRIEF
IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
<u>DENYING MOTION TO INTERVENE</u>**

**INTRODUCTION**

Osirius's Response Brief (ECF No. 83) fails to refute that the law supports broad intervention rights and that the Magistrate Judge erroneously applied a strict and narrow standard in denying Yorkville's motion to intervene. Rather than argue the merits regarding intervention, Osirius spends much of its Response attacking a straw man, arguing that it did not wrongly withhold from the Court that Yorkville has a senior lien in the assets that are the subject of multiple orders. But this flawed argument does not support the Magistrate Judge's Order—in fact, it shows that Yorkville should be allowed to intervene, because Osirius is showing its continued intention to withhold from the Court material information regarding Yorkville's interests. For its part, Ideanomics has shown no ability or willingness to protect Yorkville—indeed, Ideanomics' interests as a borrower are directly adverse to Yorkville's interests as its secured lender.

In short, Yorkville has been deprived of its property interests in the assets that are the subject of this litigation without any due process. It has already suffered a loss of at least $1.3 million, and even the Magistrate Judge conceded the Court's Order (ECF No. 60) "circumvented Yorkville's secured interest…." (*See* ECF No. 76,PageID.1271.) The binding precedent liberally and broadly favors intervention. The Court should set aside the Magistrate Judge's Order (ECF No. 76) and permit

1

Yorkville to intervene so it has a seat at the table in this collection action and can fairly protect its property interests.

## I. THE MAGISTRATE JUDGE FAILED TO PROPERLY APPLY THE LAW REQUIRING LIBERAL INTERVENTION.

Osirius's assertion that there is no "binding authority" on point is demonstrably false. Osirius's Response ignores the binding precedent establishing that intervention under Fed. R. Civ. P. 24 must be "liberally" granted. *Michigan State AFLCIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). The proposed intervenor has only a "minimal" burden to show that impairment of its rights is "possible if intervention is denied." *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Indeed, published Sixth Circuit precedent establishes "should be broadly construed in favor of potential intervenors" like Yorkville. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

The Sixth Circuit's published decision in *United States v. City of Detroit*, 712 F.3d 925 (6th Cir. 2013), is directly on point. That case dealt with the long-running, post-judgment proceedings involving the Detroit Water and Sewerage Department ("DWSD"). The district court entered an order that abrogated provisions in certain collective bargaining agreements that affected the interests of several unions. The unions were not parties to the litigation or any of the post-judgment proceedings for many years, but moved to intervene after the Court entered the order. The district court denied the unions' motions to intervene, finding that they should have known

2

that their interests were involved for many years, and they "did not have a proper purpose to seek intervention at such a late stage in the litigation." *Id*. at 930.

The Sixth Circuit reversed and held that the unions should be permitted to intervene in the post-judgment proceedings. The Sixth Circuit applied the liberal standard for intervention and broadly construed Rule 24 in favor of the unions, finding: "Where future progress remains and the intervenor's interests are relevant, intervention may be the most effective way to achieve a full and fair resolution of the case." *Id*. at 931. Indeed, "***courts often permit intervention even after final judgment***, for the limited purpose of appeal, *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), or to participate in future remedial proceedings, *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 129 (D.C.Cir.1972)." *Id*. at 932 (emphasis added). The Sixth Circuit explained that intervention was proper because "***getting all interested parties to the table promotes an effective and fair solution***," and the Court has discretion to limit the scope of intervention "to keep control of the case." *Id*. (emphasis added) (citing *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 596 (6th Cir.1982) (Martin, J., dissenting) ("Had intervention been granted in this case, limited to a hearing describing and defending alternative promotional plans, the District Court could have resolved the merits of the proposals in short order, with little or no delay."))

3

This Sixth Circuit precedent confirms that the Magistrate Judge's narrow view that this is simply a "breach of contract case," and that the post-judgment proceedings are not "the subject matter of the litigation," is clearly erroneous and contrary to law. Like the unions in the DWSD case, Yorkville does not seek to litigate the underlying merits of the dispute between Osirius and Ideanomics.[1] Instead, Yorkville seeks to protect its undisputed property interest in the Ideanomics assets that Osirius and Ideanomics have put before the Court. Due to the actions and inactions of Osirius and Ideanomics, Yorkville has been deprived of its property interest in those assets without due process and has suffered a loss of at least $1.3 million. The Magistrate Judge conceded that the Court's Order, ECF No. 60, violated Yorkville's rights: the Order "directing Defendant to sell its subsidiary U.S. Hybrid and give proceeds to Plaintiff…***would have circumvented Yorkville's secured interest in U.S. Hybrid***." (ECF No. 76, PageID.1271) (emphasis added). But he erroneously construed Yorkville's motion narrowly, finding that this serious violation of Yorkville's rights was "inapposite" because this case is now in the post-judgment phase. The Magistrate Judge's decision that Yorkville cannot intervene in the post-judgment phase is contrary to the Sixth Circuit precedent from the DWSD case. Yorkville should be allowed to intervene.

---

[1] In fact, there has been no litigation whatsoever regarding the merits of the Osirius-Ideanomics account stated/breach of contract claim, as Ideanomics did not respond to Osirius's complaint and the Court entered a default judgment.

## II. YORKVILLE HAS A SUBSTANTIAL INTEREST.

Osirius cannot dispute that Yorkville's senior lien in the assets at issue is a substantial interest in the litigation. Osirius does not meaningfully distinguish the Sixth Circuit's decision in *Liberte Capital Grp., LLC v. Capwill*, 126 F. App'x 214, 219 (6th Cir. 2005), which rejected Osirius's argument that an intervenor must have an interest in the underlying merits of the case. *Id.* (finding a substantial interest based on the millions of dollars that three banks stood to lose; "Although the Banks do not have a substantial interest in the ultimate resolution of the instant case on the merits, this fact alone does not justify the denial of leave to intervene of right.") Further, Osirius does not address the case law cited by Yorkville holding that a specific financial interest in the outcome of the litigation is a substantial interest and the intervening party need not show an interest in the underlying merits of the case. (*See* ECF No. 82, PageID.1367-70.) These decisions are entirely consistent with the Sixth Circuit's decision in the DWSD case, as discussed above.

Osirius's argument regarding *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 373 (6th Cir. 2014), is misplaced. *Reliastar* is easily distinguishable because, unlike Yorkville, the proposed intervenors in *Reliastar* had no security interest in the assets at issue. 565 F. App'x at 373. Further, dicta in *Reliastar* actually supports Yorkville's position. The Sixth Circuit noted that one's "own property interests"—as opposed to the mere unsecured interest of the proposed

5

intervenors in *Reliastar*—is a direct, legally protectable interest for purposes of intervention. *Id.* Yorkville's undisputed senior liens are a property interest warranting intervention.

### III. YORKVILLE MEETS THE IMPAIRMENT STANDARD.

Osirius argues, without any authority, that (1) Yorkville can protect its own interests because Ideanomics cannot sell any collateral without Yorkville releasing its liens, and (2) the appointment of a receiver protects Yorkville's interests and obviates the need for intervention. (ECF No. 83, PageID.1398-1400.) But these contentions are beside the point. Osirius does not dispute that the impairment element is a "minimal" burden that does not require showing actual impairment—an intervenor "must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Miller*, 103 F.3d at 1247 (emphasis added). Not only is it possible that Yorkville's interests will be impaired if it is not allowed to intervene, but Yorkville's security interests have already been impaired to the tune of $1.3 million. Moreover, no receiver has been appointed, as the parties believe a receiver is not appropriate under the circumstances, so this is another straw-man argument by Osirius that should be rejected.

### IV. YORKVILLE MEETS THE STANDARD FOR PERMISSIVE INTERVENTION.

Osirius failed to support the Magistrate Judge's one-sentence conclusion rejecting Yorkville's motion for permissive intervention. The standard for

6

permissive intervention is even more liberal than that for intervention as of right. *Pub. Interest Legal Found., Inc. v. Winfrey*, 463 F. Supp. 3d 795, 798 (E.D. Mich. 2020) ("Federal Rule of Civil Procedure 24(b)(1) . . . allows for 'permissive' intervention under more relaxed conditions."). Here, Yorkville's claims to the assets and proceeds that Osirius and Ideanomics have put before the Court raises a common question of law or fact. For this reason, as well as Yorkville's other arguments, Yorkville meets the liberal standard for permissive intervention.

**V.  THE PARTIES' FAILURE TO DISCLOSE YORKVILLE'S INTERESTS TO THE COURT IS WRONGFUL.**

Although not the subject of the motion to intervene, Osirius's argument that it was free to withhold from the Court that Yorkville has a senior lien in the assets at issue is wrong. The law is abundantly clear that any interest of Osirius in the collateral is "subject to the lien" of Yorkville. M.C.L. § 600.6017(3). Both Osirius and Ideanomics had duties of disclosure, as explained in Yorkville's Objections. That those duties were disregarded confirms that Yorkville's substantial interests are not being protected, and therefore Yorkville should be allowed to intervene.

Date: March 1, 2024                    Respectfully submitted,

                                       DYKEMA GOSSETT PLLC

                                       By: /s/ *Thomas M. Schehr*
                                           Thomas M. Schehr (P54391)
                                           Jonathan Kama, Jr. (P83703)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, my assistant electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties and counsel of record. In accordance with Local Rule 7.1(d)(2), my assistant served the foregoing document on the Magistrate Judge via U.S. Mail.

      By: /s/ *Thomas M. Schehr*
      Thomas M. Schehr (P54391)
      Jonathan Kama, Jr. (P83703)
      DYKEMA GOSSETT PLLC
      *Counsel for Yorkville II PN, Ltd.*
      400 Renaissance Center, 37th Floor
      Detroit, MI 48243
      (313) 568-6659
      tschehr@dykema.com
      jkama@dykema.com