UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OSIRIUS GROUP, LLC,<br>　　　　　　　Plaintiff,<br>v.<br>IDEANOMICS, INC.,<br>　　　　　　　Defendant.<br>_____/ | Case No. 23-10943<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION: PLAINTIFF'S MOTIONS FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT (ECF Nos. 63, 73)**

**I.     BACKGROUND**

On April 22, 2023, Plaintiff Osirius Group, LLC, filed suit against Ideanomics, Inc., for failure to pay for engineering services provided to Defendant (the company Defendant later acquired in a merger). (ECF No. 1). Plaintiff moved for summary judgment. (ECF No. 5). On May 24, 2023, Plaintiff obtained a Clerk's Entry of Default against Defendant. (ECF No. 11). On August 22, 2023, the Court granted Plaintiff's motion for default judgment. (ECF No. 18). Judgment was entered in Plaintiff's favor in the amount of $2,615,095.50 plus costs and attorney's fees in the amount of $53,371.80, with interest accruing. (ECF No. 19).

The Court issued writs of garnishment in September and October 2023, but no money was transferred to Plaintiff to satisfy the judgment. On October 10, 2023, the Court issued an injunction prohibiting Defendant, who had not yet satisfied the judgment against it, from disposing of or selling any property or interest until further direction of the Court and specifically that Defendant or its agents could not sell, assign, mortgage, convey, etc. any property received from Inobat, Inobat (US) LLC, Inobat Inc., and/or Cielo Capital j.s.a. until further order of the Court. (ECF No. 38). According to a Creditor's Examination, Defendant received $2 million from Inobat during September 2023, but immediately spent those funds, and would receive more money from Inobat in October (an amount sufficient to satisfy the judgment). It is still unclear if this money was forthcoming. (ECF No. 36). Counsel for Defendant entered an appearance on October 17, 2023. (ECF No. 44).

The Court then authorized appointment of a receiver to oversee Defendant's payment of monies owed to Plaintiff. (ECF No. 57). A receiver has not yet been named or appointed.

On October 27, 2023, the Court entered a stipulated order directing Defendant to transfer $800,000 to Plaintiff. (ECF No. 59). That payment is complete. On October 31, 2023, the Court entered another stipulated order allowing Defendant to sell its subsidiary, U.S. Hybrid, and to transfer $2 million of

the sale proceeds to Plaintiff. (ECF No. 60). The $500,000 down payment from the sale was given to Plaintiff. The remaining sale proceeds went to Defendant's first secured creditor, Yorkville. The relationship between Defendant and Yorkville is detailed in the Order denying Yorkville's motion to intervene. (ECF No. 76).

On December 6, 2023, Plaintiff moved for an order to show cause why Defendant should not be held in contempt for its failure to respond to post-judgment discovery. (ECF No. 63). Plaintiff served discovery requests pursuant to the Court's Order authorizing post-judgment discovery. (ECF No. 57). Responses were due November 7, 2023, but Plaintiff agreed to an extension to November 16, 2023. Responses were not forthcoming. (ECF No. 63, PageID.1097-98).

In the meantime, Defendant's in-house counsel completed an affidavit. He stated that proceeds from U.S. Hybrid had to go to Yorkville because the purchaser was concerned with buying the subsidiary free and clear of all liens and encumbrances. (ECF No. 72, PageID.1207-08).

On January 22, 2024, Plaintiff filed a second motion for order to show cause why Defendant should not be held in contempt as a supplement to the first motion. This time, the motion focuses on Defendant's behavior selling assets and giving the proceeds to its first secured creditor or using the proceeds for something other than paying off the judgment. (ECF No. 73). Plaintiff acknowledged receipt of

discovery responses at issue in the first motion, though it says the responses are "comprised of meaningless objections" and ensured that the judgment would be satisfied in January 2024. (*Id.* at PgaeID.1212, n. 3). Given that the objections to discovery were relegated to a footnote, it appears Plaintiff is not pressing contempt for discovery issues. In this motion, Plaintiff describes more asset transfers in violation of the Court's Orders. (*Id.* at PageID.1213).

In response, Defendant explains that it had to sell its interest in property in Malaysia after the judgment was issued here to avoid "severe penalties" for making payments to employees. (ECF No. 78, PageID.1281). It also argues that the stipulated order allowing it to sell U.S. Hybrid and to transfer the proceeds to Plaintiff "no later than 5:00pm on October 30, 2023," expired after 5pm on October 30, 2023. (*Id.*). It reiterates that Yorkville is its first secured creditor, and Plaintiff is an unsecured creditor, to support giving sale proceeds to Yorkville before making payments towards the judgment. (*Id.* at PageID.1282).

To date, Defendant has not satisfied the judgment and continues to sell or transfer assets without Court approval, against Court Orders. For this reason, the undersigned **RECOMMENDS** that Defendant be ordered to appear before the District Judge to show cause why it should not be held in contempt.

II. ANALYSIS

    A. <u>Contempt Authority of the Magistrate Judge and Certified Facts</u>

Except where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead, the Magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the undersigned certifies these facts to District Judge Denise Page Hood:

1. On August 22, 2023, the Court entered judgment in Plaintiff's favor in the amount of $2,615,095.50 plus costs and attorney's fees in the amount of $53,371.80, with interest accruing. (ECF No. 19).

2. The Court issued writs of garnishment in September and October 2023, but no money was transferred to Plaintiff to satisfy the judgment.

3.      On October 10, 2023, the Court issued an injunction prohibiting Defendant, who had not yet satisfied the judgment against it, from disposing of or selling any property or interest until further direction of the Court.  (ECF No. 38).

4.      On October 27, 2023, the Court entered a stipulated order directing Defendant to transfer $800,000 to Plaintiff.  (ECF No. 59).  That payment is complete.

5.      On October 31, 2023, the Court entered another stipulated order allowing Defendant to sell its subsidiary, U.S. Hybrid, and to transfer $2 million of the sale proceeds to Plaintiff no later than October 30, 2023 at 5p.m.  (ECF No. 60).  This Order does not state that it expires on that date and at that time such that Defendant would be free to do with U.S. Hybrid whatever it pleased.

6.      The $500,000 down payment from the sale was given to Plaintiff. The remaining sale proceeds went to Defendant's first secured creditor, Yorkville, instead of Plaintiff.

7.      On January 2, 2024, Defendant sold its property in Malaysia and directed proceeds to the purchaser to "clean up all the liabilities." (ECF No. 78, PageID.1281).

8.      Defendant continues to transfer assets without Court approval. (*See* ECF No. 73, PageID.1213).

B.      <u>Discussion</u>

It is established that "[d]isobedience of a lawful court order may be punishable as contempt." *Lykins Oil Co.*, 2017 WL 1180932, at *2 (S.D. Ohio Mar. 29, 2017) (citing *Glover v. Johnson*, 138 F.3d 229, 245 (6th Cir. 1998)). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)).

Whether to hold a party in contempt is within the sound discretion of the district court, but it is one that "should not be used lightly." *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 378 (quoting *NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). Once the moving party establishes its prima facie case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court

7

"also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id*. (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

The certified facts outlined above support Plaintiff's request for contempt, as they do not evidence reasonable steps to comply with the Court's Orders. The record reflects that Defendant, despite stipulating to orders prohibiting the transfer of assets or directing it to transfer funds to Plaintiff, repeatedly disregards the Orders.

## III. RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's motion for order to show cause why Defendant should not be held in contempt as follows:

(1) Defendant should be ordered to appear before District Judge Denise Page Hood on a date certain to show cause why it should not be held in civil contempt for failing to comply with the Court's Orders;

(2) Unless Defendant satisfactorily shows cause as to why it has not fully complied with the Orders, it should be held in civil contempt of court by the District Judge;

(3) Defendant should be ordered to purge itself of the contempt by fully complying with the Orders; and

8

(4) Paying Plaintiff's costs and attorneys' fees in bringing both motions for order to show cause.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 5, 2024                              s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge