IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware limited liability company,

    Plaintiff,

v.

IDEANOMICS, INC., a Nevada Corporation,

    Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | Kurt O'Keefe (P30718) |
|---|---|
| Gerald J. Gleeson II (P53568) | 1254 Woodbridge Street |
| Sydney G. Rohlicek (P85655) | St. Clair Shores, MI  48080 |
| 840 W. Long Lake Rd., Suite 150 | (313) 962-4630 |
| Troy, Michigan 48098 | koklaw@gmail.com |
| (248) 879-2000 | *Attorney for Defendant* |
| *Attorneys for Plaintiff* | |

---

## RESPONSE TO MOTION TO NAME RECEIVER

Defendant, through its attorney, Kurt O'Keefe, files this response:

The motion should be denied (1) as premature until Yorkville's Motion to Intervene is resolved, (2) the motion should be denied as Osirius is estopped from requesting a Receiver when Ideanomics is in compliance with the settlement agreement the parties reached in May of 2024, and (3) the motion should be

denied as the Receiver powers requested greatly exceed what is authorized in the Court's October 26, 2023, Order.

August 16. 2024

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware limited liability company,

    Plaintiff,

v.

IDEANOMICS, INC., a Nevada Corporation,

    Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd., Suite 150
Troy, Michigan 48098
(248) 879-2000
*Attorneys for Plaintiff*

Kurt O'Keefe (P30718)
1254 Woodbridge Street
Saint Clair Shores, MI 48080
(313) 962-4630
koklaw@gmail.com
*Attorney for Defendant*

---

## BRIEF IN SUPPORT OF RESONSE TO MOTION TO NAME RECEIVER

INTRODUCTION

    On May10, 2024, the parties entered into a confidential settlement agreement. Defendant has complied with that agreement. On July 11, 2024, Defendant transferred 250,000 shares of its common stock per the settlement agreement.

Instead of complying with the agreement, Plaintiff files this motion, which should be denied and the October 26, 2023, Order granting the Motion for a Receiver should be set aside.

FACTS
1. A default judgement was entered for Plaintiff in the amount of $2.8 million dollars on August 22, 2023. (ECF #19)
2. This Court granted Plaintiff's Motion to appoint a Receiver on October 26, 2023 (ECF #57).
3. Defendant had paid $1.3 million dollars on the judgment up to October 26, 2023. (Supplemental Affidavit ECF # 89)
4. On May 10, 2024, the parties reached a confidential settlement agreement.
5. Pursuant to that agreement, Defendant has paid $993,808.46 plus 250,000 shares of its common stock. (Exhibits A and B and attached Affidavit).
6. Plaintiff has failed to sell the 250,000 shares of Defendant's stock transferred to it on July 11, 2024, in compliance with the settlement agreement.
7. It is undisputed that Yorkville has a first lien on all of Defendant's assets.
   "Yorkville's purpose for the intervention is to protect and enforce its status as a first secured creditor in Defendant's assets as Defendant works to satisfy the judgment. Yorkville's secured creditor status is relevant to these post-judgment proceedings."
   Page 7, lines 9-12. (ECF# 76)
8. Plaintiff's first contempt Motion as to discovery violations was abandoned by Plaintiff. "Given that the objections to discovery were relegated to a footnote, it appears Plaintiff is not pressing contempt for discovery issues." page 4, lines 4-5, (ECF #85)
9. Defendant's Objections to the Magistrate Recommendations on the contempt motions are still pending (ECF #86)
10. Plaintiff's Introduction to its Brief, page one, lines 3-4, admits the Order granting motion to appoint a Receiver

-4-

      states: "to oversee Defendant's payment of the monies owed to Plaintiff." (ECF # 57).
11. Defendant has remained in compliance with this Court's Orders and with the May 10, 2024, settlement agreement.

ARGUMENT

    Since Defendant filed the Motion for a receiver (ECF #43), Yorkville has prevented Defendant from spending any money on anything other than the payments it allowed Defendant to pay on the judgment and minimum operating expenses.

    Had Plaintiff not filed that motion, Defendant would have completed payments on the judgment.

    Since Defendant filed the Motion for a receiver, the funds from selling subsidiaries went directly to Yorkville and were never in the control of Defendant.

    Plaintiff objected to allowing Yorkville to participate in this lawsuit. (ECF #62) Yorkville's Objections to the Order denying its motion to intervene (ECF#82) are still pending.

    It would be manifestly unjust to allow Defendant to undercut Yorkville, the undisputed holder of a blanket security interest first lien on all of Defendant's assets, by allowing Defendants motion to proceed, until Yorkville's appeal is resolved.

    While Defendant is making payments per the agreement with Plaintiff, Plaintiff again upsets the apple cart with this motion.

    As Plaintiff admits in the Introduction to its Brief, page one, "'That could be easily, and inexpensively, accomplished by having a receiver take control of Defendant's financial accounts".

    The process under a receiver would have to proceed unchanged. The only payments that could be made to Plaintiff would be those allowed by Yorkville.

    Instead, Plaintiff jumps way beyond the confines of the Receiver Order with pages and pages of powers and more powers for the Receiver.

    Plaintiff should be equitably estopped from requesting a receiver after accepting $993,808.46 plus 250,000 shares of

-5-

Defendant's stock pursuant to the May 10, 2024, settlement agreement.

"The defense of equitable estoppel is a variation of the golden rule erected into law. 38 "Doing unto others" means that the bad conduct of both parties is an important consideration in the judicial settlement of disputes.39 Put simply, "the primary principle governing equitable estoppel ... is ethicality, i.e. morality. 40 . . . . . . . . . . . . . . . . . . . . . . .

(fn) 41. Courts have targeted inconsistent or contradictory behavior of all kinds that occurs before, during, or after the lawsuit. See *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 702 N.W.2d 106, 116 (Mich. 2005); see also *Glazer v. Dress Bam, Inc.*, 873 A.2d 929, 947 (Conn. 2005) ("Equitable estoppel is a doctrine that operates in many contexts to bar a party from asserting a right that it otherwise would have but for its own conduct."). While equitable estoppel predated the American colonial experience, United States courts have embraced the doctrine in all areas of law. See, e.g., *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1033 (Fed. Cir. 1992) (en banc) (listing elements of equitable estoppel in patent infringement litigation); 11 AM. JUR. 2D Negotiable Instruments § 356 (2003) (discussing equitable estoppel as applied to negotiable instruments); *Manker v. Manker*, 644 N.W.2d 522 (Neb. 2002) (using equitable estoppel to prevent fraudulent or inequitable resort to statute of limitations). T. Leigh Anenson, The Triumph of Equity: Equitable Estoppel in Modern Litigation, 27, REV. LITIG. 377 (2008) at 388.)

    Plaintiff having entered into a confidential settlement agreement on May 10, 2024, Plaintiff having already sat on the Order Appointing Receiver for 9 plus months, Defendant having complied with the terms of the settlement agreement, Defendant is clearly justified in relying on Plaintiff not filing this Motion, granting of which destroys Defendant.

-6-

## CONCLUSION

With the end in sight, again, Plaintiff inexplicably seeks to blow up the settlement agreement it made. ask the court to ignore Yorkville's interest, and to impermissibly expand the receiver powers this Court's Order authorized.

The motion should be denied, or, in the alternative, adjourned until Yorkville's Objections of its Motion to Intervene is resolved, or, until an evidentiary hearing is held to determine compliance with the settlement agreement.

August 16, 2024

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Defendant
1254 Woodbridge Street
St. Clair Shores MI 48080
313-962-4630
koklaw@gmail.com

INDEX OF AUTHORITIES

*A.C. Aukerman Co. v. R.L. ChaidesConst. Co.*,
960 F.2d 1020, 1033 (Fed. Cir. 1992) (en banc) . . . . 6

*Glazer v. Dress Bam, Inc.*, 873 A.2d 929,
(Conn. 2005) . . . . 6

*City of Grosse Pointe Park v. Mich. Mun. Liab.
& Prop. Pool*, 702 N.W.2d 106, 116 (Mich. 2005) . . . 6

*Manker v. Manker*, 644 N.W.2d 522 (Neb. 2002) . . . . 6

11 AM. JUR. 2D Negotiable Instruments § 356 (2003) . . 6

T. Leigh Anenson, The Triumph of Equity:
Equitable Estoppel in Modern Litigation,
27, REV. LITIG. 377 (2008) . . . . . . 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC a Delaware
Limited Liability Company

      Plaintiff,

v.

IDEANOMICS, INC.,

      Defendant.

Case No. 23-cv-10943
Honorable Denise Page Hood

| Gerald J. Gleason II (P53568)<br>Attorney for Plaintiff<br>Miller, Canfield, Paddock<br>and Stone PLC<br>840 West Long Lake Road<br>Troy MI 48098<br>(248) 879-2000<br>*Counsel for Plaintiff* | Kurt O'Keefe (P30718)<br>Attorney for Defendant<br>1254 Woodbridge Street<br>St. Clair Shores MI 48080<br>Telephone: (313) 962-4630<br>koklaw@gmail.com<br>*Counsel for Defendant* |
|---|---|

## AFFIDAVIT OF BENJAMIN WU

Benjamin F. Wu, states that he is competent to testify as a witness, and, if called, would testify as follows:

1. I am the in-house counsel for Defendant Ideanomics, Inc.

2. Defendant owned shares in the Federation of Malaya (Malaysia) entity Tree Technologies ("Tree").

3. Due to failing revenue base, the shareholders of Tree had a plan to exit the production facilities and lay off all operational personnel, with a targeted deadline of third quarter of 2023. Tree completed the plan and had no operations as of September 30, 2023.

4. In September 2023, Tree received a Letter of Intent from a potential buyer affiliated with the King of the Federation of Malaya to buy Tree, including the Ideanomics shares in Tree. The other shareholders and Ideanomics agreed to the sale in September 2023.

5. On January 5, 2024, TIZA GLOBAL SDN BHD executed an agreement for the full purchase of Ideanomics' shares in Tree Technologies in the amount of $4.0M. The purchase was closed on February 8, 2024.

6. Satisfaction of Ideanomics' contractual obligations was contingent upon YA II, PN, Ltd. ("Yorkville") releasing of its secured position in Ideanomics' Tree shares. All proceeds from the sale of Ideanomics'

shares were sent by the purchaser directly to Yorkville because of Yorkville's first secured position in all Ideanomics' assets.

7. On January 10, 2024, Ideanomics entered into a standby equity purchase agreement ("SEPA") with Yorkville, allowing Ideanomics to sell up to 2,500,000 shares. A standby equity purchase agreement is a contract between a company and investor that allows the investor to purchase shares of company stock at a set price. The purchase of shares by Yorkville under the terms of the SEPA requires Ideanomics to have an SEC approved Form S-1 in place. The Form S-1 requires the timely filing of Ideanomics Form 10-K and Form 10-Q filings.

8. In January and February 2024, Yorkville lent additional funds to Ideanomics under clearly delineated conditions which limited Ideanomics use of proceeds; to fund its SEC required filings as well as funding payroll and ongoing operations of its subsidiary Wireless Advanced Vehicle Electrification, LLC ("WAVE").

9. On April 12, 2024, Ideanomics entered into a Warrant to Purchase Shares ("NFS Warrant") with NFS Leasing, Inc., to purchase up to 842,700 shares of Ideanomics Common Stock (the "NFS Warrant Shares"), at an offering price of $0.89 per share. The NFS Warrant gives NFS Leasing, Inc., the right, but not the obligation, to buy or sell a specific number of shares of Ideanomics stock at a predetermined price within a certain time frame.

10. On April 15, 2024, pursuant to a request by Ideanomics, Yorkville amended the SEPA allowing Ideanomics to sell up to 10,000,000 shares. The purchase of shares by Yorkville under the terms of the SEPA requires Ideanomics to have an SEC approved Form S-1 in place. The Form S-1 requires the timely filing of Ideanomics Form 10-K and Form 10-Q filings.

11. To date, while Ideanomics was able to eventually complete the Form 10-K on June 18, 2024, Ideanomics was unable to file its Form 10Q for first and second quarter 2024 on time. As a result, July 8, 2024, Ideanomics was delisted as a NASDAQ traded company. Ideanomics is unable to file a Form S-1 due to its failure to timely file its Form 10Qs.

12. On April 25, 2024, Ideanomics executed a promissory note with Tillou Management and Consulting, LLC, a New Jersey limited liability company ("Tillou") affiliated with Mr. Vince McMahon, father of Ideanomics

executive chairman Shane McMahon. Pursuant to the conditions in the Tillou promissory note, Ideanomics borrowed $2,000,000 to fund payroll and ongoing operations of subsidiary WAVE obligations.

13. On May 10, 2024, Plaintiff Osirius Group, LLC and Defendant entered into a settlement agreement for payment of the remaining $1,500,000.00 balance due on the judgement.

14. As of June 13, 2024, Plaintiff has received $993,808.46 in payment pursuant to the settlement agreement.

15. On June 18, 2024, Ideanomics entered into a Warrant agreement with Tillou to purchase up to 2,006,804 shares of Ideanomics' common stock. Again, the warrant to purchase gives Tillou the right, but not the obligation, to buy or sell a specific number of shares of a company's stock at a predetermined price within a certain time frame.

16. On July 11, 2024, Defendant transferred to Plaintiff 250,000 common stock pursuant to the settlement agreement.

17. On July 12, 2024, Plaintiff's CEO, Mr. Tim Smith emailed Defendant that "Our investment accounts can't accept [Defendant]'s stock.

18. Since July 12, 2024, Defendant and Plaintiff's principals have been in constant contact to help resolve this issue.

19. Defendant has not violated the Court's orders and has voluntarily and continuously engaged with Plaintiff to satisfy the judgement.

Benjamin F. Wu

The above is true to the best of my knowledge, information, and belief.

Subscribed to and sworn before me this 16th day of August 2024

Notary Public

DAVID WILSON
Notary Public, State of Michigan
County of Wayne
My Commission Expires Nov. 02, 2029
Acting In the County of _____

# EXHIBIT A



www.TransferOnline.com   [P] 503.227.2950   [F] 503.227.6874

## DRS/DWAC & Book Entry Statement of Holdings
### Retain This Advice

The securities described herein have been recorded in book-entry form in accordance with instructions received. You may request a physical certificate by completing the section noted below.

Account # 1126-034

Osirius Group, LLC
725 S. Adams Rd. #205
Birmingham, Michigan 48009
United States

Holding Shares as of 07/11/2024 in the following company:

| Issuer | Ideanomics Inc. |
|---|---|
| CUSIP | 45166V205 |

The registrant " Osirius Group, LLC                                                            "

Is recorded on the books and records as having the following position:

| BOOK Entry # | # of Shares | Type | Affiliate | Restriction | Stop | Date of Issue |
|---|---|---|---|---|---|---|
| 2962 | 250,000 | Common | | | | 07/10/2024 |

### CERTIFICATE ISSUANCE INSTRUCTIONS (Check One Box Only)

_____ Please issue a certificate for my securities and send to the address shown above, unless a change of address is being requested, then send to the below address.

Payment must accompany this request. Call or write for a quote.

_____ Please change my registration address as shown below. Issue a certificate for my securities and send to the new address.

Date _____   Signature _____

#### COMPLETE FOR CHANGE OF ADDRESS ONLY

Address 1 _____

Address 2 _____

City_____   State_____   ZIP _____

*If your shares are to be transferred to a different beneficial owner or transferred electronically by either DWAC or DRS, please see the 2nd page for further instructions. If you have any questions, please contact Transfer Online at info@transferonline.com or call us at 1.503.227.2950.*

512 SE Salmon Street   •   Portland, OR 97214

# EXHIBIT B

LTH MANAGEMENT

Morgan Stanley

# Osirius Trade Activity

Prepared on June 13, 2024 for:
**Osirius Group, LLC**
Account No. 435-XXX625

OSIRIUS GROUP, LLC
C/O JT SMITH LLC, TIMOTHY D SMITH &
JOCELYN SMITH
725 S ADAMS RD STE 205
BIRMINGHAM MI 48009-6910

The Calandro Group

**John Calandro**
Financial Advisor
Managing Director, Wealth Mgmt
Tel: +1 214 696-7036
John.Calandro@morganstanley.com

**Kevin Calandro**
Financial Advisor
Senior Vice President
Tel: +1 214 696-7192
Kevin.Calandro@morganstanley.com

**Robert Calandro**
Financial Advisor
Associate Vice President
Tel: +1 214 696-7025
Chris.Calandro@morganstanley.com

**Shea Self**
Financial Advisor
Tel: +1 214 696-7024
Shea.Self@morganstanley.com

Your Branch:
8383 PRESTON CTR PLZ DR, STE 400
DALLAS, TX 75225

a review the disclosures and definitions throughout this Document. For more information or questions, please contact your Financial Advisor

Page 1 of 6

## TABLE OF CONTENTS

| | |
|---|---|
| count(s) Included In This Report | 3 |
| tivity Details | 4 |
| sclosures | 6 |

ise review the disclosures and definitions throughout this Document. For more information or questions, please contact your Financial Advisor.
ous sub-sections of this Document may not contain information on all accounts/positions covered in this Document and will be denoted on the page

Page 2 of 6

ALTH MANAGEMENT  Morgan

## CCOUNT(S) INCLUDED IN THIS REPORT

rius Group, LLC 435-XXX625 - AAA  Reporting Currency: USD

**ORGAN STANLEY WEALTH MANAGEMENT**

| unt Name | Account Number | Account Type/ Manager Name | Date Opened/ Date Closed | Total Value ($) 06/12/24 | % of Portfolio 06/12/24 |
|---|---|---|---|---|---|
| ius Group, LLC | 435-XXX625 | AAA | 10/26/22 | 13,316.32 | 100.00 |
| gan Stanley Wealth Management Total | | | | 13,316.32 | 100.00 |
| l Portfolio | | | | 13,316.32 | 100.00 |

stment, insurance and annuity products offered through Morgan Stanley Smith Barney LLC are: NOT FDIC INSURED | MAY LOSE VALUE | NOT BANK GUARANTEED | NOT A BANK DEPOSIT | NOT INSURED BY ANY FEDERAL ERNMENT AGENCY.
ontent within this Document applies to the accounts listed above or a subset thereof, unless otherwise indicated.

CTIVITY | TRADE ACTIVITY | ALL ASSET TYPES | 14 TRANSACTIONS

| vity Date ▼ | Settlement Date | Activity | Quantity | Description | SYMBOL | Price | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 12/2024 | 06/13/2024 | Sold | 14,258.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 164K6X43 SEC ID: K4U0H | IDEX | 0.9344 | 13,316.30 | Cash |
| 11/2024 | 06/12/2024 | Sold | 12,190.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 163K3G35 SEC ID: K4U0H | IDEX | 0.9113 | 11,102.44 | Cash |
| 10/2024 | 06/11/2024 | Sold | 76,495.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 162FY9E0 SEC ID: K4U0H | IDEX | 0.9149 | 69,977.33 | Cash |
| 10/2024 | 06/11/2024 | Sold | 8,208.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 162FRT63 SEC ID: K4U0H | IDEX | 0.9314 | 7,644.71 | Cash |
| 07/2024 | 06/10/2024 | Sold | 38,356.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 159J85L6 SEC ID: K4U0H | IDEX | 0.9340 | 35,817.50 | Cash |
| 06/2024 | 06/07/2024 | Sold | 32,045.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 158J522Y SEC ID: K4U0H | IDEX | 0.9523 | 30,509.60 | Cash |
| 05/2024 | 06/06/2024 | Sold | 29,185.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 157J0B99 SEC ID: K4U0H | IDEX | 0.9531 | 27,809.44 | Cash |
| 04/2024 | 06/05/2024 | Sold | 39,263.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 156K70G6 SEC ID: K4U0H | IDEX | 0.9648 | 37,873.88 | Cash |
| 30/2024 | 05/29/2024 | Sold - Adjusted | 87,141.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 151A0058 SEC ID: K4U0H | IDEX | - | 84,126.30 | Cash |

urity Identifier values are displayed as selected based on availability. When not available, alternate Security Identifiers will be used. This section may display transactions that have not settled during this period. Purchase and Sale sactions above may have received an average price execution. Details regarding the actual prices are available upon request. Activity categorization may vary for Morgan Stanley & Co. and External accounts, assets and liabilities.

ALTH MANAGEMENT    Morgan Stanley
CTIVITY DETAILS

rius Group, LLC 435-XXX625 - AAA    March 14, 2024 to June 12, 2024 | Reporting Currency: USD

CTIVITY | TRADE ACTIVITY | ALL ASSET TYPES | 14 TRANSACTIONS

| vity Date▼ | Settlement Date | Activity | Quantity | Description | SYMBOL | Price | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 30/2024 | 05/29/2024 | Sold - Canceled | 87,141.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 151D0057 SEC ID: K4U0H | IDEX | - | -83,084.53 | Cash |
| 28/2024 | 05/29/2024 | Sold | 87,141.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 149EZ30Z SEC ID: K4U0H | IDEX | 0.9655 | 83,084.53 | Cash |
| 24/2024 | 05/29/2024 | Sold | 162,859.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 145J8Z16 SEC ID: K4U0H | IDEX | 0.9684 | 157,702.27 | Cash |
| 21/2024 | 05/23/2024 | Sold | 250,000.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 142K934H SEC ID: K4U0H | IDEX | 1.0423 | 260,561.75 | Cash |
| 15/2024 | 05/17/2024 | Sold | 250,000.000 | IDEANOMICS INC NEW PREFERENTIAL RATE UNSOLICITED TRADE Ref: 136K1E54 SEC ID: K4U0H | IDEX | 1.0295 | 257,366.94 | Cash |
| | | | | Total Trade Activity | | | $993,808.46 | |

urity Identifier values are displayed as selected based on availability. When not available, alternate Security Identifiers will be used. This section may display transactions that have not settled during this period. Purchase and Sale sactions above may have received an average price execution. Details regarding the actual prices are available upon request. Activity categorization may vary for Morgan Stanley & Co. and External accounts, assets and liabilities.

## SCLOSURES

**lanatory Notes and Disclosures:** This document is designed to assist you and your Financial Advisor in understanding portfolio positions, composition and subsets thereof. It is designed solely for your vidual use, is for informational purposes only and is not intended as an offer or solicitation with respect to the purchase or sale of any security. Do not take action relying on this information without firming its accuracy and completeness. Please read carefully all accompanying notes and disclosures provided in this Document.
convenience purposes, your Financial Advisor may have assigned a designated name for this Document. The list of the accounts covered in this document is noted herein and may not include all of your ounts with us or external custodians. Furthermore, the information included in this document may not include all asset classes/securities/liabilities held by you at the firm or external custodians. Please ew this document carefully and discuss any questions you may have with your Financial Advisor. If you do not understand an entry, suspect an error, or want more details on current values or other rmation, contact your Financial Advisor. This document is based upon your Morgan Stanley account holdings and may include other holdings/information that you or a third party provided about assets todied elsewhere. Morgan Stanley will not verify any other holdings/information. If any information reflects assets held away from Morgan Stanley that will be indicated. The information contained in document is subject to, and does not supersede the confirmations and account statements you receive from us. Values shown in your official account statement may differ from the values shown in this ument due to, among other things, different reporting methods, delays, market conditions and interruptions. If there are discrepancies between your official account statement and this document, rely our official account statement.

information in this document is approximate and subject to updating, correction and other changes. We are not obligated to notify you if information changes. Although the statements of fact and data nis document have been obtained from, and are based upon sources that we believe to be reliable, we do not guarantee their accuracy, or timeliness, and any such information may be incomplete or densed. Percentage values shown in this document are subject to rounding, which may impact total values. The values of securities and other investments not actively traded may be estimated or may be available.

s information is provided for informational purposes only and should not be used for tax preparation. The information reported on your Form(s) 1099 supersedes the information provided in this report should be exclusively relied upon for tax preparation. Morgan Stanley, its affiliates and its employees are not in the business of providing tax or legal advice. Clients should seek advice based on their ticular circumstances from an independent tax and legal advisor. Morgan Stanley Smith Barney LLC is a registered Broker/Dealer, Member SIPC, and not a bank. Where appropriate, Morgan Stanley ith Barney LLC has entered into arrangements with banks and other third parties to assist in offering certain banking related products and services. SIPC insurance does not apply to precious metals, er commodities, or traditional alternative investments.
estment, insurance and annuity products offered through Morgan Stanley Smith Barney LLC are: NOT FDIC INSURED | MAY LOSE VALUE | NOT BANK GUARANTEED | NOT A BANK DEPOSIT | NOT URED BY ANY FEDERAL GOVERNMENT AGENCY

**A Accounts:** The Active Assets Account is a brokerage account offered through Morgan Stanley Smith Barney LLC.

**ortant Regulation Best Interest Information:** This report is being provided as a courtesy. By providing this report, we do not represent or agree that we will monitor the investments in your brokerage ount(s) or deliver future reports.

**litional information about your Floating Rate Notes:** For floating rate securities, the estimated accrued interest and estimated annual income are based on the current floating coupon rate and may reflect historic rates within the accrual period.

**ortant Information About Auction Rate Securities:** For certain Auction Rate Securities there is no or limited liquidity. Therefore, the price(s) for these Auction Rate Securities are indicated as not ilable by a dash "-". There can be no assurance that a successful auction will occur or that a secondary market exists or will develop for a particular security.

**ortant Pricing Information:** Prices of securities not actively traded may not be available, and are indicated by a dash "-". Account values are based on the most recent security pricing available and y be prior to the date of this material.

**k Deposit Program:** Under the Bank Deposit Program, free credit balances held in an account(s) at Morgan Stanley Smith Barney LLC are automatically deposited into an interest-bearing deposit ount(s), at FDIC-insured banks. For more information, view the Bank Deposit Program Disclosure Statement:
s://www.morganstanley.com/content/dam/msdotcom/en/wealth-disclosures/pdfs/BDP_disclosure.pdf.

024 Morgan Stanley Smith Barney LLC. Member SIPC.

## NERAL DEFINITIONS

**: Represents the currency of the underlying instrument. Currency is a medium of exchange for goods and services.