IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC, a Delaware
limited liability company,

   Plaintiff,

v.

IDEANOMICS, INC., a Nevada
Corporation,

   Defendant.

Case No. 23-cv-10943
Hon. Denise Page Hood

---

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
840 W. Long Lake Rd., Suite 150
Troy, Michigan 48098
(248) 879-2000
*Attorneys for Plaintiff*

Kurt A. O'Keefe (P30718)
1254 Woodbridge Street
Saint Clair Shores, MI  48080
(313) 962-4630
koklaw@gmail.com
*Attorney for Defendant*

---

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF CHARLES D. BULLOCK AS RECEIVER

In opposition to Plaintiff's request for appointment of Charles Bullock as Receiver, Defendant contends that the "Receiver powers requested greatly exceed what is authorized" in the Court's prior order and that appointment of a Receiver is contrary to the parties' settlement agreement and premature without resolution of

the pending Order denying its investor's Motion to Intervene. Defendant's arguments are unavailing.

First, the Court indisputably entered an Order on October 26, 2023, authorizing the appointment of a receiver "to oversee Defendant's payment of the monies owed to Plaintiff." (ECF No. 57). Under Michigan law, applicable through Fed. R. Civ. P. 66 and Fed. R. Civ. P 69(a)(1), courts are empowered to do so and to subsequently "define the receiver's power and duties where they are not otherwise spelled out by law." MCL 600.2926. *See also Weathervane Window, Inc. v. White Lake Const. Co.*, 192 Mich. App. 316, 322 (1991) ("A receiver may be appointed where necessary to prevent fraud or to protect property against imminent danger of loss. The primary purpose of a receiver is to preserve property and to dispose of it under order of the court"). Although contending that the "Receiver powers requested greatly exceed what is authorized in the Court's October 26, 2023 Order," Defendant fails to further clarify its bald statement or argue how appoint of Mr. Bullock exceeds the Court's prior Order. ECF No. 91, PageID.1552.

Second, the Defendant contends Osirius should be equitably estopped from requesting appointment of Mr. Bullock as Receiver because the parties executed a settlement agreement and because Osirius waited "9 plus months" to submit a name for the Court's consideration. *Id.* at PageID.1557. Defendant also makes much of the fact that it issued 250,000 shares of stock to Osirius on July 11, 2024, but that Osirius

2

has failed to sell such stock and therefore has not upheld its end of the bargain. *Id.* at PageID.1561. Such limited assertions effectively concede that Ideanomics has indeed stopped issuing payment to Osirius over a month ago despite an obligation to do so weekly. Further, the fact that Defendant was recently "delisted as a NASDAQ traded company" *id.* at PageID.1560, certainly substantially complicates if not completely eliminates Osirius' ability to sell any of the stock even if market conditions allowed (which it did not at the time it was issued).[1] Defendant did not enter the Settlement Agreement with any intention to fulfill the contractual obligations it agreed to – evidenced by the fact that Yorkville is apparently controlling all assets of the Company despite the Court's October 10, 2023 Order prohibiting disposition of any property. *See id.* at PageID.1555 ("Since [Plaintiff] filed the Motion for a receiver, Yorkville has prevented Defendant from spending any money on anything other than the payments it allowed Defendant to pay on the judgment and minimum operating expenses").

Moreover, Defendant has admitted time and time again (in addition to its public filings) that it continues to violate the Court's order. *See id.* ("Since Defendant filed the Motion for a receiver, the funds from selling subsidiaries went directly to Yorkville and were never in the control of Defendant"). Thus, its ironic invocation of equitable estoppel should fall on deaf ears especially when Osirius delayed

---

[1] Notably, Ideanomics has not offered to repurchase its stock for $250,000 cash.

3

submission of a proposed receiver on as a measure of good faith effort in attempting to resolve the outstanding debt without the Court's continued intervention.

Third, this Court need not resolve proposed intervenor Yorkville Advisors' pending objections to Magistrate Judge Ivy's Order denying its Motion to Intervene because, as Osirius noted previously,[2] Mr. Bullock will indisputably be required to protect and enforce any secured interest Yorkville claims in allocating Defendant's assets as Receiver. *See e.g.*, *Stooksbury v. Ross*, 2012 WL 4829465, at *4 (E.D. Tenn. Oct. 10, 2012) (noting a receiver's "role is not to determine or affect, 'which creditors gets what' from the execution efforts of the creditors. The Receiver's work inures to benefit all for the creditor's while at the same time not interfering with any creditor's efforts to execute on their own rights and judgments").

In fact, when questioned explicitly by the Magistrate Judge as to whether it believed a receiver would adequately protect its secured interests, Yorkville voiced no concerns but simply reiterated a preference "not to have a receiver appointed." ECF No. 74, PageID.1251. *Stooksbury v. Ross*, 2012 WL 4829465, at *4 (E.D. Tenn. Oct. 10, 2012) (noting a receiver's "role is not to determine or affect, 'which creditors gets what' from the execution efforts of the creditors. The Receiver's work inures to benefit all for the creditor's while at the same time not interfering with any

---

[2] *See* Plaintiff's Response to Proposed Intervenor's Objections to Order Denying Motion to Intervene, ECF No. 83, PageID.1399.

creditor's efforts to execute on their own rights and judgments"). The Magistrate Judge ultimately denied Yorkville's Motion to Intervene, in part, explicitly because it concluded "[a]t this point, it is hard to believe Yorkville's interest will not be adequately protected by Defendant considering Defendant has, more than once (*see* ECF No. 73), disregarded express Court Orders not to sell assets without Court approval[.]" ECF No. 76, PageID.1274.

    Plaintiff respectfully requests that this Court appoint Mr. Bullock as Receiver.

Respectfully submitted,

By: /s/ Gerald J. Gleeson, II
Gerald J. Gleeson II (P53568)
Sydney G. Rohlicek (P85655)
Miller, Canfield, Paddock, and Stone, PLC
840 W. Long Lake Rd.
Troy, MI 48098
(248) 879-2000
gleeson@millercanfield.com
rohlicek@millercanfield.com
*Attorneys for Plaintiff*

Dated: August 23, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing document, with the Clerk of the court using the ECF system which sent notification of such filing all counsel of record.

    Respectfully submitted,

    By: */s/ Gerald J. Gleeson, II*
    Gerald J. Gleeson II (P53568)
    Sydney G. Rohlicek (P85655)
    Miller, Canfield, Paddock, and Stone, PLC
    840 W. Long Lake Rd.
    Troy, MI 48098
    (248) 879-2000
    gleeson@millercanfield.com
    rohlicek@millercanfield.com
    *Attorneys for Plaintiff*