UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSIRIUS GROUP, LLC,                          Case No. 23-10943
                    Plaintiff,
v.                                                          Denise Page Hood
                                     United States District Judge

IDEANOMICS, INC.,
                 Defendant,                          Curtis Ivy, Jr.
                                       United States Magistrate Judge

YA II PN, LTD,
                 Intervenor.
_____/

## <u>ORDER GRANTING PLAINTIFF'S MOTIONS (ECF Nos. 90, 91)</u>

**A.**    **Background**

On April 22, 2023, Plaintiff Osirius Group, LLC, filed suit against Ideanomics, Inc., for failure to pay for engineering services provided to Defendant (actually, the company Defendant later acquired in a merger). (ECF No. 1). Plaintiff moved for summary judgment. (ECF No. 5). On May 24, 2023, Plaintiff obtained a Clerk's Entry of Default against Defendant. (ECF No. 11). On August 22, 2023, the Court granted Plaintiff's motion for default judgment. (ECF No. 18). Judgment was entered in Plaintiff's favor in the amount of $2,615,095.50 plus costs and attorney's fees in the amount of $53,371.80, with interest accruing. (ECF No. 19).

The Court issued writs of garnishment in September and October 2023, but no money was transferred to Plaintiff to satisfy the judgment.  On October 10, 2023, the Court issued an injunction prohibiting Defendant, who had not yet satisfied the judgment against it, from disposing of or selling any property or interest until further direction of the Court.  (ECF No. 38).

The Court then authorized appointment of a receiver to oversee Defendant's payment of monies owed to Plaintiff.  (ECF No. 57).  A receiver has not yet been named or appointed.  Between that Order and Plaintiff's current motion to appoint Charles D. Bullock as receiver (ECF No. 90), Defendant's judgment payments have been somewhat sporadic.  (*See* ECF Nos. 63, 73, 76, 85).  On March 5, 2024, the undersigned issued a report and recommendation explaining Defendant's history of violating Court orders and spotty payments, and recommending that Defendant be ordered to appear before the District Judge and show cause why it should not be held in contempt.  (ECF No. 85).  That recommendation is pending.

On June 20, 2024, in-house counsel for Defendant provided an affidavit in which he states that the parties agreed during May 2024 to a payment plan by which Defendant would pay the remaining $1,500,000 judgment.  (ECF No. 89). As of June 13, 2024, Plaintiff had received $993,808.46 in payment in accordance with that plan.  (*Id.*).

On August 2, 2024, Plaintiff moved for appointment of Charles D. Bullock as receiver and for expedited consideration of that motion. (ECF Nos. 90, 91). These motions were referred to the undersigned. (ECF No. 96).

## B.    Discussion

As an initial matter, the Court **GRANTS** Plaintiff's motion for immediate consideration of its proposed receiver. (ECF No. 91).

Plaintiff begins its motion for appointment of Mr. Bullock by noting that the Court has already ordered that a receiver be appointed and directed Plaintiff to recommend a receiver for the Court's consideration. (ECF No. 57). Instead of immediately recommending a receiver, Plaintiff and Defendant entered a stipulated order providing for the transfer of some funds to Plaintiff. (ECF No. 59). There was a breakdown in the parties' cooperation apparently until May 2024 when they entered into another agreement to satisfy the judgment. (ECF No. 89). According to Plaintiff, after paying nearly one million dollars towards the judgment, Defendant stopped paying Plaintiff. (ECF No. 90, PageID.1497). Plaintiff lists all the transactions Defendant has been involved in that contravene the Court's order to cease such transactions until the judgment is satisfied. (*Id.* at PageID.1497-98). Because it appears that Defendant is continually violating the Court's orders, Plaintiff now moves for appointment of its suggested receiver.

In response, Defendant contends that the motion should be denied because (1) the Order denying its creditor, Yorkville's motion to intervene still has objections pending, (2) Plaintiff is estopped from requesting a receiver because Defendant is in compliance with the parties' May 2024 agreement, and (3) the receiver powers requested "greatly exceed what is authorized in the Court's October 26, 2023, Order."  (ECF No. 94, PageID.1551-52).

The Court does not credit Defendant's first argument.  Magistrate judge orders are effective unless or until the order is stayed, even if objections are pending.  So the fact that there are objections pending to an earlier order is not reason to decline to appoint a receiver.  *See* Local Rule 72.2.

The Court also dismisses the second argument.  The terms of the parties' agreement are not before the Court, so it is impossible to determine whether seeking appointment of a receiver defies the agreement in such a way that Plaintiff would be estopped from proposing a receiver now.  Importantly, the Court has already ordered that a receiver be appointed.  The time to challenge whether a receiver should be appointed has passed.  What is left is choosing a receiver to appoint.  And it is not at all clear that Defendant is in compliance with the parties' agreement.  In support of this assertion, Defendant notes that it transferred 250,000 shares of its common stock to Plaintiff per the agreement.  (ECF No. 94, PageID.1553-54).  Plaintiff has not sold those shares.  According to Defendant's

counsel, however, on July 8, 2024, Defendant was de-listed as a NASDAQ company.  (*Id.* at PageID.1560, Affidavit from Benjamin Wu).  Because Defendant is no longer a NASDAQ company, Plaintiff questions whether it can sell the shares.  (ECF No. 95, PageID.1573).  It also appears that Defendant has made no further payments after transferring the shares.  Thus, there is uncertainty about whether the shares satisfy the judgment.  In short, there is nothing inequitable about seeking that which has already been ordered.[1]

The third and final argument, that the proposed receiver order grants excessive power, is perfunctory and undeveloped.  Defendant makes no argument against any specific provision nor proposes its own order.  (*See* ECF No. 94, PageID.1555).  "Where a party fails to explain an argument and supply authority . . . a court need not attempt to supply the missing information."  *Lyngaas v. Curaden AG*, 2021 WL 6049428, at *3 (E.D. Mich. Dec. 21, 2021).  "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) (internal citations omitted).

The Court has reviewed Mr. Bullock's CV (ECF No. 90-6) and finds him qualified to act as receiver here.  *See PNC Bank, Nat'l Assoc. v. Legal Advoc.,*

---

[1] Defendant implies that it was inappropriate for Plaintiff to "sit" on the Order appointing a receiver for nine months before moving to appoint Mr. Bullock as receiver.  (ECF No. 94, PageID.1556).

*P.C.*, 626 F. Supp. 3d 972 (E.D. Mich. 2022) (appointing Charles D. Bullock as receiver). The motion is **GRANTED**, and Charles D. Bullock is appointed as receiver to be governed by the appointment order to be entered concurrently. Defendant says that had Plaintiff not filed this motion, it would have completed payment on the judgment. (ECF No. 94, PageID.1555). The Court invites Defendant to complete payment because once complete, the receivership ends (or would be unnecessary if payment is completed before Mr. Bullock assumes responsibility).

  **IT IS SO ORDERED**.

  The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 3, 2024                    <u>s/Curtis Ivy, Jr.</u>
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge