UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OSIRIUS GROUP, LLC,<br>                      Plaintiff,<br>v.<br><br>IDEANOMICS, INC.,<br>                      Defendant,<br><br>YA II PN, LTD,<br>                      Intervenor.<br>_____/ | Case No. 23-10943<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER FOR APPOINTMENT OF RECEIVER

THIS MATTER comes before the Court upon Plaintiff Osirius Group, LLC's Motion for Appointment of Charles D. Bullock as Receiver, the Court being duly advised in the premises, and finding relief warranted:

**IT IS HEREBY ORDERED:**

1. Plaintiff's motion to appoint Charles D. Bullock was granted in a separate order. Finding good cause, the Court hereby orders effective and commencing immediately upon the entry of this Order, Charles D. Bullock (P55550) of Stevenson & Bullock, P.L.C., whose address is 26100 American Drive, Suite 500, Southfield, MI 48034 (the "Receiver"), is qualified to act and is hereby appointed as Receiver with full powers over the non-exempt interests and assets of Ideanomics, Inc. ("Defendant" or the "Company"), including but not limited to all payments, leases, rents, books

and records, deposits, bank accounts and other personal property, tangible or intangible, wherever situated (collectively, the "Receivership Property").

2. The Receiver is authorized to immediately take possession and control of the Receivership Property, and to manage, recommend and consummate the sale of same (subject to the approval of the Court), as the Receiver deems appropriate, and to otherwise exercise the powers and duties set forth in this Order. The Defendant shall cooperate with the Receiver and shall make available to the Receiver for inspection and copying all of the records concerning the Receivership Property as shall be necessary for the Receiver to fulfill his duties under the terms of this Order. Furthermore, the Defendant and its agents and employees shall fully cooperate with the Receiver at all times during the pendency of the receivership.

## Authority of the Receiver

3. The Receiver is authorized to exercise all powers and authority generally available under the laws of the State of Michigan that may be incidental to the powers described in this Order and reasonably necessary to accomplish the purpose of this Receivership. The Receiver shall have such additional powers that may be provided by law and that the Court may from time to time direct or confer.

4. Without limiting the foregoing, the Receiver shall have the power to employ and/or contract with professionals and others, including but not limited to counsel, accountants, brokers, assistants, agents, private investigators, consultants,

advisors, realty professionals, bookkeepers, and other third-parties (collectively, the "Professionals") as he deems necessary to carry out his duties. The Receiver may pay any and all of the Professionals from the Receivership Property.

5. In addition to the foregoing, and without limitation, the Receiver is hereby authorized, directed and vested with the authority to take immediate possession of the Receivership Property, and to exercise full control over the Receivership Property in all respects; and in so doing, the Receiver will have all powers generally available to Receivers under the laws of the State of Michigan as to the Receivership Property, and will have, among others, the following specific powers:

    a.    To change any and all locks and passwords to the Receivership Property and, if appropriate, limit access to some or all of the Receivership Property;

    b.    To assume control over the Receivership Property and to collect and receive all cash, cash on hand, checks, cash equivalents, credit card receipts, demand deposit accounts, bank accounts, cash management or other financial accounts, bank or other deposits and all other cash collateral (all whether now existing or later arising); current and past due earnings, revenues, rent, issues and profits, accounts or accounts receivable (all whether unpaid, accrued, due or to become due); all claims to rent, negotiate any insurance claims either in progress or to be filed, issues, profits, income, cash collateral, lease termination or rejection claims, and all other gross income derived with respect to the Receivership Property or business operations of the Receivership Property (collectively, the "Income");

    c.    To maintain, sell, secure, manage, operate, repair and preserve the Receivership Property, directly or through unrelated agent(s) contracted for that purpose, without further Court Order;

     d.     Review any and all existing vendor, supply, maintenance, lease, management, and/or other agreements and contracts related to the Receivership Property, and to determine which, if any, Receiver will assume;

     e.     To enforce any valid covenant of any contract and/or other agreement related to the Receivership Property;

     f.     To reject any unexpired contracts, agreements or leases of the Receivership Property that are burdensome on the Receivership Property, and/or which the Receiver believes are not in the best interest of the Receivership Property;

     g.     To execute, cancel, abrogate, renegotiate, or modify any/and all existing vendor, supply, maintenance, lease, management, and/or other agreements and contracts related to the Receivership Property;

     f.     To negotiate and execute any/and all new vendor, supply, maintenance, lease, management, and/or other agreements and contracts related to the Receivership Property;

     i.     For the Receivership Property which is not covered by insurance under any applicable mortgage, to determine that the property is adequately insured or to procure insurance if funds are available for that purpose. The insurance companies shall accept a copy of this order and add the Receiver as an Additional Insured to all such policies that cover any of the Receivership Property;

     j.     Investigate the amount owed, historical payment information, escrow account balances and insurance coverage, obtain payoff statements and extent of any liens on the Receivership Property as of the date of creation of the receivership estate by entry of this Order; and, to pay lien claimants as reasonably necessary for the release of any part of the Receivership Property, or to facilitate a sale of any part of the Receivership Property;

     k.     To maintain a separate account with a federally-insured banking institutions or savings associations in the Receiver's own name, as Receiver, from which the Receiver shall disburse all authorized payments as provided in this Order;

3

    l.    To sign as Receiver, on behalf of the Receivership Property, any checks, bank accounts, drafts, stocks, bonds, vehicle titles, or other instruments of title and said signature shall have the same legal effect as had an authorized individual signed same on behalf of the Receivership Property;

    m.    To pay any taxes as funds are available and any other taxes or assessments against the Receivership Property which the Receiver deems appropriate and necessary for preservation of the Receivership Property; and, to contest, protest or appeal any tax or assessment pertaining to the Receivership Property. (Any refund or reimbursement of taxes paid shall be deemed 'Income' to be applied as provided below);

    n.    To exercise all rights reserved or granted to the Receivership Property under any mortgage, other contract, or under Michigan or Federal law;

    o.    To investigate any previous transfer or financial transactions relating to the Receivership Property to determine whether any such transactions were potentially fraudulent and/or avoidable under applicable law. The Receiver is also authorized to pursue recovery of any such fraudulent transfers or avoidable transactions in accordance with applicable law;

    p.    To have the sole authority to initiate a bankruptcy case under Title 11 of the United States Code.

6.    Immediately upon entry of this Order and continuing until the termination of the Receiver's appointment, the Receiver is authorized to take reasonable and appropriate actions to prevent waste and to preserve, manage, maintain, secure, lease, and safeguard the Receivership Property during the pendency of the receivership. The Receiver, in the exercise of his business judgment, shall be empowered but not obligated to:

    a.    Preserve, hold, and manage the Receivership Property, and perform all acts necessary to preserve its value, to prevent any loss, damage, or injury;

    b.    Prevent the withdrawal or misapplication of funds;

    c.    Sue for, collect, receive, and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, documents, books, records, work papers, and records of amounts, including electronically stored information and other papers of the Receivership Property;

    d.    Initiate, petition, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings, including those under Title 11 of the United States Code, in state, federal, or foreign court(s) necessary to preserve the Receivership Property or to carry out his duties pursuant to this Order;

    e.    Issue subpoenas to obtain documents and records pertaining to the receivership and conduct discovery in this action on behalf of the Receiver;

    f.    Open one or more bank accounts as designated depositories for funds of the Receivership Property.

    g.    The Receiver may deposit all funds of the Receivership Property in such designated accounts and shall make all payments and disbursements from the Receivership Property from such accounts.

7. The authority granted to the Receiver is self-executing, unless the action requires approval by this Court. Unless the action requires approval by this Court, the Receiver is authorized to act on behalf of the Receivership Property with respect to the Receivership Property or in the Receiver's name without further order of this Court and without personal recourse against the Receiver.

## **Compensation of Receiver**

8. The Receiver and his Professionals shall be compensated for their services, payable from the Receivership Property, at an hourly rate that is reasonable and

customary for like services in the community. The Receiver and his Professionals shall also be entitled to be reimbursed for out-of-pocket expenses related to the performance of their duties. The compensation and reimbursed expenses shall be an administrative claim against the Receivership Property and entitled to priority over any and all secured, priority, and unsecured claims. The Receiver and his Professionals shall issue invoices to the parties to this action, through their respective counsel (as applicable), on a monthly basis. The Receiver and his Professionals may receive payment on a monthly basis, without further Court Order, provided no objections are filed with the Court and served upon the Receiver, his Professionals, and all other parties in interest within five (5) days after such invoices are sent by electronic mail to all parties' counsel of record. In the event that an objection is timely filed with the Court and served upon the Receiver, Professionals, and all other parties in interest, the objecting party shall file a motion with this Court requesting that this Court determine the propriety of the fees sought. In the event that the objecting party fails to file a motion with this Court within five

(5) days after objecting to the requested fees or expenses, its objections are waived. In the objection and the motion, the objecting party shall articulate with specificity which time or expense entries are objectionable and the reason for the objection. In the event that a motion is timely filed, the Receiver is authorized to pay himself and his Professionals those fees and expenses to which no objection has been raised.

## Immunity of Receiver

9. Neither the Receiver nor his Professionals shall not be liable for any claim, objection, liability, action, cause of action, cost, or expense of the Plaintiff, Defendant, or Receivership Property arising out of or relating to events or circumstances occurring prior to this Order, including, without limitation, any contingent or unliquidated obligations and any liability from the performance of services rendered by third parties on behalf of the Receivership Property, and any liability to which the Receivership Property is currently or may ultimately be exposed under any applicable laws pertaining to the ownership, use, or operation of the Receivership Property (collectively, all of the foregoing are referred to as the "Pre- Receivership Liabilities"). Similarly, neither the Receiver nor his Professionals shall not be liable for any claim, objection, liability, action, cause of action, cost, or expense of Plaintiff, Defendant, or Receivership Property arising out of the performance of receivership duties without the express written permission of this Court authorizing a lawsuit against the Receiver or the Professionals.

10. The Receiver and his Professionals, employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their intentional tortious acts, breaches of fiduciary duty, gross negligence, gross or willful

misconduct, acts committed in bad faith, malicious acts, and/or the failure to comply with the Court's Orders.

## Restraint on action against Receiver and Receivership Property

11. Except as otherwise ordered by this Court, the parties, their agents and employees, and all other persons with notice of this Order (other than the Receiver) are restrained and enjoined from directly or indirectly transferring, encumbering, removing, expending, distributing, concealing, destroying, mutilating, damaging, erasing, altering, disposing of, or otherwise diminishing or causing harm to any of the Receivership Property, doing any act to interfere with the Receiver from taking control, possession, or management of the Receivership Property, or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the Receivership Property.

12. Except as otherwise ordered by this Court, during the pendency of the receivership, the Plaintiff and Defendant, and all other persons, creditors, and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of the Receiver, the Receivership Property, or the Receiver's authorized agents acting in their capacities as such, including but not limited to the following actions:

    a. Commencing, prosecuting, litigating, or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    b. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of or retaining possession of, the Receivership Property, any property claimed by the Defendant, or attempting to foreclose, forfeit, alter, or terminate any of the

8

Receivership Property's interest in property, whether such acts are part of a judicial proceeding or otherwise;

      c.    Using self-help or executing or issuing, or cause the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon the Receivership Property or any property, wherever located, owned by or in the possession of the Receivership Property or the Receiver, or any agent of the Property; and

      d.    Doing any act or thing to interfere with the Property taking control, possession, or management of any of the Receivership Property or any property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver, or to interfere with the exclusive jurisdiction of this Court over the property and Receivership Property.

13. Notwithstanding the foregoing paragraph, the entry of this Order does not stay the enforcement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

### Directives to financial institutions, employers, and others

14. Pending further order of this Court, any financial or brokerage institution, business entity, or person, that holds, controls, or maintains custody of any account or asset, or at any time since August 1, 2021, has held, controlled, managed or maintained custody of any account or asset owned by, in the name or for the benefit of the Receivership Property, shall:

      a.    Prohibit the Defendant, and all other persons acting on or behalf of Defendant, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such asset except as directed by the Receiver;

      b.    Deny the Defendant, and all other persons acting on or behalf of Defendant, access to any safe deposit box that is titled in the name of the

Receivership Property either individually or jointly with another person or entity or in which any of the Receivership Property is located; and

  c. Provide the Receiver, within five (5) business days of receiving a copy of this Order, a statement setting forth:

    i. The identification number of each and every account or asset tiled in the name, individually or jointly, of or held on behalf of, or for the benefit of the Receivership Property;

    ii. The balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed to close the account, and the name of the person or entity to whom such account or other asset was remitted;

    iii. The identification of any safe deposit box that is either titled in the name of the Receivership Property or jointly with, another person or entity or is otherwise subject to access by the Receivership Property; and

    iv. Upon request by the Receiver, promptly provide copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, and all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

15. Any savings, bank or similar institutions receiving a copy of this Order shall accept the signature of the Receiver to withdraw any and all funds of the Receivership Property have the right to withdraw from said institution with the same legal effect as had an authorized individual signed same on behalf of the Receivership Property.

10

16. Any savings, bank or similar institutions receiving a copy of this Order shall forthwith turn over to the Receiver any and all contents of any safety deposit boxes, owned by the Receivership Property, in whole or together with any other individual, or in which any of the Receivership Property is located.

### Delivery of possession of Receivership Property to Receiver

17. This Court commands the United States Marshal Service, or any other court officer that the Receiver may choose to employ, to without delay, deliver to the Receiver possession of the Receivership Property.

18. After service of this Order upon the parties, Defendant and any other person or entity served with a copy of this Order shall deliver to the Receiver:

    a. Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated of the Receivership Property;

    b. Possession and custody of documents of the Receivership Property, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), title documents and other papers;

    c. All keys, computer passwords, entry codes, and combination locks necessary to gain access or to secure access to any of the assets or documents of the Receivership Property, including but not limited to; means of communications, account, computer systems, or other property; and

    d. Information identifying the accounts, properties or other assets or obligations of the Receivership Property.

**Miscellaneous**

19. The Defendant, any entity in which the Defendant has a controlling or majority interest, or third party must execute any document deemed necessary by the Receiver.

20. The Receiver shall, during the pendency of this action, have the right to apply to this Court for further instructions or directions.

21. The Receiver shall not be responsible for the preparation or filing of any tax returns for the Receivership Property (including income, personal property, commercial activity, gross receipts, sales and use, or other tax returns). The Receiver shall provide the parties with information in the Receiver's possession that is necessary for the parties to prepare such tax returns, upon the party's reasonable request.

22. The Receiver shall submit quarterly reports to the Court and parties with respect to the Receivership Property.

23. The Receiver shall file and serve his acceptance of this receivership.

24. The Receiver is not required to post a bond.

25. This Order may be amended or supplemented for cause after a motion and hearing or, alternatively, upon the showing of good cause and upon the stipulation of all parties to this action, including the Receiver.

26. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Dated: October 3, 2024
s/Curtis Ivy, Jr.
United States Magistrate Judge